CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 11 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD LEE HARRIS, | ) | |
| | ) | Civil Case No. 7:08CV00270 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By: Samuel G. Wilson |
| NORLEEN K. POMERANTZ, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

Donald Harris brings this case pursuant to 42 U.S.C. § 1983, claiming that Dr. Norleen Pomerantz, Vice President of Student Affairs at Radford University ("Radford"), violated his Fourteenth Amendment right to due process. Harris claims that Radford's Disciplinary Board was biased and did not follow its own procedures in expelling him from the Radford nursing program for a sexual misconduct offense. Harris brings this claim only against Pomerantz, claiming that she violated his constitutional rights by refusing to overturn the expulsion and reinstate him. The case is before the court on Pomerantz's motion to dismiss for failure to state a claim. The court, however, considers this motion as one for summary judgment because the court has examined evidence outside the pleadings presented by the parties and neither party objects. The court finds that Radford gave Harris all the process he was due, notice of his offense and a meaningful opportunity to be heard, before it expelled Harris and enters summary judgment for Pomerantz.

I

In December 2007, Donald Harris was a third-year nursing student at Radford. On the night of December 1, 2007, Harris, Harris' wife, and several of his wife's friends from her

Radford social work graduate program, including Malinda Funk, traveled to Blacksburg, Virginia to celebrate the end of the fall semester. Most of the group consumed alcohol before going and continued to drink at several bars in Blacksburg where Harris, though he was a designated driver, also drank. Funk consumed a significant amount of alcohol and danced closely with several members of the group, including Harris. Funk drank so much alcohol that, while Harris drove his wife and Funk home, Harris had to pull the car over so Funk could vomit. When Harris brought Funk to her home, he escorted her in while his wife waited in the car. At that time, Harris and Funk had a sexual encounter which was the subject of Harris' disciplinary hearing.

In January 2008, when Radford reconvened after winter break, Funk reported the incident to Radford representative Katherine Lavinder. Lavinder discussed options with Funk, who decided to go forward with a sexual misconduct charge against Harris. Lavinder held a case resolution meeting with Harris shortly thereafter and explained to Harris the charge against him and the possible sanctions for his alleged violation. Lavinder asked Harris to decide whether he would like to accept responsibility for the violation or resolve the matter through a hearing. Harris chose to have a hearing before a faculty Disciplinary Board.

On January 30, 2008, a three-member Disciplinary Board convened a hearing on Harris' alleged sexual misconduct. The Board members introduced themselves and the Board Chairman, Jeff Orzolek, offered Harris a chance to object to the participation of any of the Board members. Harris declined. Lavinder testified first, describing how the matter had come to her attention. Funk testified next, recounting her version of the events of December 1, 2007, claiming that she had little idea what was happening and, though she not might have objected, her memory of the night was blurred and she did not think she was mentally capable of consenting to sex. Harris

then testified, claiming that Funk was not too intoxicated to consent and that, in fact, Funk initiated the sexual encounter. Finally, four witnesses testified, including Harris' estranged wife, and Orzolek gave Harris the opportunity to question each witness. When Harris asked his estranged wife about the circumstances of their estrangement, Orzolek dismissed the questions as irrelevant. However, Harris' wife and the other witnesses answered all of Harris' other questions.

Following the hearing, the Disciplinary Board found Harris responsible for a violation of section 36 of the Radford Standards of Student Conduct – sexual misconduct – and permanently dismissed Harris from Radford. Orzolek explained to Harris that he could appeal the decision to the Dean of Students and, because of the severity of the sanction, could further appeal the decision to Pomerantz whose decision would stand as the final decision for Radford. Harris pursued all available appeals, and Pomerantz denied Harris' final appeal, upholding his expulsion. Harris then brought this suit for damages and reinstatement.[1]

## II

Harris claims that he was deprived of due process because a member of the Disciplinary Board which heard his case was not impartial and the hearing did not follow all of Radford's published procedures. Pomerantz maintains that (1) Harris has no property or liberty interest in

---

[1] Federal Rule of Civil Procedure 12(b) states that where matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and both parties shall be given reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(b). In this case, the court did not exclude the transcript of Harris' hearing submitted by the parties. Neither party objected to the court considering the transcript nor did either party object to the court considering this motion as one for summary judgment. Both parties declined to present further material when the court announced that it would so consider this motion. Accordingly, the court considers this motion as one for summary judgment.

3

continuing his education at Radford, (2) that Harris received all the process he was due, and (3) that Pomerantz is entitled to qualified immunity. The court assumes, without deciding, that Harris has a property interest in continuing his education and avoiding the stigma of expulsion for sexual misconduct. See Goss v. Lopez, 419 U.S. 565, 579 (1975) ("students facing [disciplinary action] and the consequent interference with a protected property interest must be given some kind of notice and afforded some kind of hearing"). The court does not reach the question of qualified immunity because it finds that Harris received all the process he was due: notice and a meaningful opportunity to be heard. Harris does not dispute that he received notice of the charge against him and the court finds that no bias on the part of the Board or any procedural irregularity deprived Harris of a meaningful opportunity to be heard. Accordingly, the court enters summary judgment for Pomerantz.

The constitutional bedrock of due process is notice to the accused and an opportunity to be heard. Goldberg v. Kelley, 397 U.S. 254, 267 (1970) (citing Grannis v. Ordean, 234 U.S. 385, 394 (1914)). The accused's hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965); Boddie v. Connecticut, 401 U.S. 371, 378-79 (1971) (holding that the formality and procedural requisites for a hearing can vary, but due process requires an opportunity to be heard). In this case, Radford gave Harris notice of the charge against him and informed Harris of the possible sanctions. Harris chose to submit to a hearing on that charge. At that hearing, Harris did not object to the participation of any Disciplinary Board member, presented his own case fully, and questioned or had the opportunity to question every witness who testified. Radford also provided Harris with several appeals of the Board's decision and Harris pursued them all. In short, a review of the hearing transcript clearly

4

discloses that Harris had appropriate notice and a meaningful opportunity to be heard – a hearing at which Harris presented his case and was allowed to cross-examine all witnesses.

Despite clear indicia of notice and a meaningful opportunity to be heard, Harris argues that he did not receive a fundamentally fair hearing because Isaac Van Patten, a disciplinary Board member, was involved with a women's support group, the Women's Resource Center in the Town of Radford, and was therefore inherently sympathetic to the alleged victim and not an impartial decision maker. The court, however, presumes the integrity of the Board members and, in order to show bias, Harris must marshal evidence from which it could be inferred that the decision maker was not capable of judging his case fairly on the basis of its own circumstances. See Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 493 (1976). He must marshal evidence, for example, that Van Patten's mind was "irrevocably closed" on Harris' case. NEC Corp. v. United States, 151 F.3d 1361 (Fed. Cir. 1998) (citing FTC v. Cement Inst., 333 U.S. 683, 701 (1948)). Van Patten's relationship with the Women's Rescue Center says nothing about his lack of impartiality or dedication to discerning the truth and certainly raises no issue of fact.[2] Therefore, the court rejects the challenge.

Harris also argues that the Board did not follow Radford's procedures for disciplinary hearings, pointing to several deviations by the Board from Radford's published "Guiding Principles for Conduct Hearings." However, an individual subject to disciplinary proceedings who receives notice and a meaningful opportunity to be heard is not deprived of due process

---

[2]Harris supports his claim that Van Patten was not impartial by pointing to the fact that the Board reached a decision which Harris believes was against the weight of the evidence. The court reviewed the transcript of Harris' hearing and finds that reasonable triers of fact could have come to the conclusion which the Board reached.

5

simply because the governmental agency has failed to follow its own procedures. Goodrich v. Newport News School Bd., 743 F.2d 225, 227 (4th Cir. 1984) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations"); Jones v. Bd. of Governors of Univ. of N.C., 704 F.2d 713, 717 (4th Cir. 1983) (holding that "it is axiomatic . . . that not every departure from a state agency's stated or customary procedures constitutes a denial of constitutionally guaranteed procedural due process"); see also Davis v. Sherer, 468 U.S. 183, 194 (1984) (stating that the minimum, constitutionally mandated requirements of due process are supplied by and defined by federal law, not by state law or regulations); Trotter v. Regents of Univ. of N.M., 219 F.3d 1179 (10th Cir. 2000) (holding that a school's failure to follow its own regulation in deciding a student's grievance does not, by itself, give rise to a constitutional due process claim); Meyers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (holding that an official's failure to follow "policies, procedures, or regulations, does not constitute a violation of due process, if constitutional minima are nevertheless met"); Osteen v. Henley, 13 F.3d 221, 225 (7th Cir. 1993) (finding that "a violation of state law . . . is not a denial of due process even if the state law confers a procedural right"); Franceski v. Plaquemines Parish School Bd., 772 F.2d 197, 200 (5th Cir. 1985) (holding that as long as an individual receives notice and a hearing that satisfies due process, any violations of state law are completely irrelevant to constitutional analysis); Rogers v. Okin, 738 F2d 1, 8 (1st Cir. 1984) (finding that "if state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny"). Because Harris can point to nothing which suggests

that he did not receive the bedrock of due process – notice and a meaningful opportunity to be heard – his claim that Radford failed to follow some of its prescribed procedures is of no constitutional significance, and the court will enter summary judgment for Pomerantz.

## III

In accordance with the above opinion, the court finds that Harris' due process claim fails and therefore **GRANTS** Pomerantz's motion for summary judgment.

**Enter**: This 11th day of August, 2008.

UNITED STATES DISTRICT JUDGE